IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DEBORAH RUTH TANNER,** | : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, | : | **42 U.S.C. § 1983** |
| | : | |
| v. | : | |
| | : | |
| **TYRONE LAWARY et al.,** | : | **CIVIL ACTION NO.** |
| Defendants. | : | **1:16-CV-512-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, Deborah Ruth Tanner, confined in the Cobb County Adult Detention Center in Marietta, Georgia, submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, [Doc. 1], and a motion to appoint counsel, [Doc. 7]. The Court granted Plaintiff's request to proceed *in forma pauperis*, [Doc. 5], and the complaint is now before the Court for screening under 28 U.S.C. § 1915A.

**I.    28 U.S.C. § 1915A Standard**

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable

basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  This leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to

2

serve as *de facto* counsel for a party . . . .").

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived [her] of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

## II.  Discussion

Plaintiff brings this action against the following members of the Marietta Police Department's Drug Task Force: Tyrone Lawary; A. Lanary; T. Hicks; and W. G. C. Baxter. [Doc. 1 at 1, 3, 5.][1] Plaintiff alleges that she asked Kimberly White for a ride to work on March 27, 2008. [*Id.* at 3.] Five minutes after Plaintiff arrived at White's residence, Defendants entered and conducted a search. [*Id.* at 3-4.] Lawary stated that he found crack cocaine in the oven. [*Id.* at 4.] Plaintiff, who was on parole, was arrested and jailed for thirty days. [*Id.*] Plaintiff lost her job and then "converted back

---

[1]  The Clerk listed "W. G." and "C. Baxter" as separate Defendants on the docket sheet. Although the complaint is unclear, it appears that the fourth Defendant's name is W. G. C. Baxter. The Clerk is **DIRECTED** to update the docket sheet accordingly.

to [her] old way of life," which included shoplifting and drugs. [*Id.* at 4-5.] Plaintiff states that her arrest and confinement were improper because a laboratory test showed that the alleged crack cocaine was not genuine. [*Id.* at 5.] Plaintiff seeks monetary relief. [*Id.* at 4, 7.]

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." *Combs v. Nelson*, 419 Fed. Appx. 884, 886 (11th Cir. Jan. 18, 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)). "A section 1983 claim accrues—and the statute of limitations begins to run—when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " *Id.* (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). "When a *pro se* prisoner files a complaint under § 1983, 'the date of filing shall be that of delivery to prison officials . . . for the purpose of ascertaining timeliness.' " *Lewis v. Barnick*, 385 Fed. Appx. 930, 931 (11th Cir. July 6, 2010) (per curiam) (quoting *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993)).

Plaintiff was arrested on March 27, 2008, and thus she should have executed her complaint by March 27, 2010. Plaintiff actually executed her complaint on February 1, 2016, which was nearly six years late. [Doc. 1 at 7.] Plaintiff claims that

the criminal case arising from her arrest "is still active." [*Id.* at 6.] However, the facts pertaining to her § 1983 claim were apparent to her beginning on March 27, 2008. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the statute of limitations, the claims are properly dismissed pursuant to § 1915 as frivolous." *Fish v. Geico Ins.*, 606 Fed. Appx. 576, 576 (11th Cir. July 9, 2015) (per curiam) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)); *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. . . . When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading."). Therefore, this action is untimely and should be dismissed as frivolous.

Plaintiff's motion to appoint counsel, [Doc. 7], is accordingly **DENIED AS MOOT**.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion to appoint counsel, [Doc. 7], is **DENIED AS MOOT**.

5

AO 72A
(Rev.8/82)

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  25th   day of March, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)